1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11   RAJI KITCHEN,                          )        Case No. CV 18-6514-JEM
                                            )
12                     Petitioner,          )
                                            )
13          v.                              )        MEMORANDUM OPINION AND ORDER
                                            )        DISMISSING PETITION AND DENYING
14   GEORGE JAIME,                          )        CERTIFICATE OF APPEALABILITY
                                            )
15                     Respondent.          )
                                            )
16   _____     )

17                            **INTRODUCTION**

18          On July 19, 2018, Raji Kitchen ("Petitioner"), a prisoner in state custody proceeding

19   pro se, constructively filed [1] a petition for writ of habeas corpus pursuant to 28 U.S.C. §

20   2254 ("Petition" or "Pet.").

21   _____

22          [1] Under the prison "mailbox rule," "a legal document is deemed filed on the date a petitioner
     delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir.
23   2002); accord Houston v. Lack, 487 U.S. 266, 276 (1988).  The "[mailbox] rule applies to prisoners
     filing habeas petitions in both federal and state courts." Huizar v. Carey, 273 F.3d 1220, 1223 (9th
24   Cir. 2001) (citation omitted).  In the absence of evidence to the contrary, courts have treated a
     petition as delivered to prison authorities on the day the petition was signed.  See Roberts v.
25   Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Here, the proof of service indicates that the
     Petition was delivered for mailing on July 19, 2018, and, therefore, the Court finds the Petition to
26   have been constructively filed on this date.  (Pet. at 65.)  Unless indicated otherwise, regardless of
     whether Petitioner's habeas corpus petitions were filed within the limitations period, see infra;
27   Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the "mailbox rule" a
     petitioner must deliver the petition to prison officials within the limitations period), the Court will
28   afford Petitioner the benefit of the mailbox rule.

On October 31, 2018, the Court issued an Order Granting Petitioner's Motions for Stay and Abeyance and Denying Respondent's Motion to Dismiss.  The Court stayed the case pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005), while Petitioner sought to exhaust state remedies.  After the state proceedings concluded and the stay expired, Petitioner constructively filed a First Amended Petition ("FAP") on January 16, 2020.

On June 26, 2020, Respondent filed a Motion to Dismiss the FAP.  Petitioner did not file an Opposition.  The Motion to Dismiss is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to proceed before this Magistrate Judge.  For the reasons set forth more fully below, the Court finds that the Motion to Dismiss should be granted, and this action should be dismissed with prejudice.

## PROCEDURAL HISTORY

### I.    PETITIONER'S CONVICTIONS

On February 9, 2017, in Los Angeles County Superior Court case number TA142083, Petitioner pleaded no contest to one count of assault with a semiautomatic firearm (Cal. Penal Code § 29800(a)(1)), one count of felon in possession of a firearm (Cal. Penal Code § 29800(a)(1)), and one count of felon in possession of live ammunition (Cal. Penal Code § 30305(a)(1)).  Petitioner admitted the allegations that he personally used a firearm in the commission of the crimes (Cal. Penal Code § 12022.5(a)), that he had three prior serious and/or violent felony convictions (Cal. Penal Code §§ 667(a)-(j), 1170.12(b)), and that he had served two prior prison terms (Cal. Penal Code § 667.5(b)).  (Respondent's Lodged Document ("LD") 1 at 7-10; LD 9 at 3-5.)  Pursuant to an indicated sentence by the court in the open plea, Petitioner was sentenced to a total state prison term of twelve years. (LD 1 at 2, 10-13; LD 9 at 4-6.)  The trial court stayed the firearm enhancement under Cal. Penal Code § 654.  (LD 1 at 11; LD 9 at 4.)  Petitioner did not appeal the judgment.  (FAP at 2.)

## II.     STATE HABEAS PETITIONS FILED PRIOR TO FEDERAL PETITION

On October 23, 2017, Petitioner constructively filed a habeas petition in the Los Angeles County Superior Court (LD 2), which was denied in a reasoned decision on November 8, 2017 (LD 3).

On December 7, 2017, Petitioner constructively filed a habeas petition in the Second District of the California Court of Appeal (LD 4), which was denied in a reasoned decision on December 21, 2017 (LD 5).

On February 5, 2018, Petitioner constructively filed a habeas petition in the California Supreme Court (LD 6), which was denied without comment on May 9, 2018 (LD 7).

## III.    THE FEDERAL HABEAS ACTION

On July 19, 2018, Petitioner constructively filed the Petition in this action.  (Dkt. 1.) On September 28, 2018, Respondent filed a Motion to Dismiss on the grounds that all three of the claims in the Petition were unexhausted.  (Dkt. 10.)  On October 18, 2018, Petitioner filed a Motion for Stay and Abeyance.  (Dkt. 12.)  On October 31, 2018, the Court granted Petitioner's motion, denied Respondent's motion, and stayed the Petition in its entirety pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  (Dkt. 13.)

## IV.    STATE HABEAS PETITIONS FILED AFTER STAY OF FEDERAL ACTION

On August 8, 2018, Petitioner constructively filed a second habeas petition in the Los Angeles County Superior Court (LD 8), which was denied in a reasoned decision on August 28, 2018 (LD 9).

On November 29, 2018, Petitioner constructively filed a third habeas petition in the Los Angeles County Superior Court (LD 10), which was denied as successive on December 12, 2018 (LD 11).

On April 11, 2019, Petitioner constructively filed a second petition in the Second District of the California Court of Appeal (LD 13), which was denied on July 11, 2019 (LD 14).

Petitioner also filed state habeas petitions in other jurisdictions.  On October 8, 2018, Petitioner constructively filed a habeas petition in the Kern County Superior Court (LD 15),

which was denied on January 9, 2019 (LD 16).  On May 8, 2019, Petitioner filed a habeas petition in the Fifth District of the California Court of Appeal (LD 17), which was denied on August 15, 2019 (LD 18).

On September 11, 2019, Petitioner constructively filed a second habeas petition in the California Supreme Court (LD 19), which was denied on December 11, 2019 (LD 20).

## V.   EXPIRATION OF STAY AND FILING OF FIRST AMENDED FEDERAL PETITION

The stay in this action expired on December 21, 2019.  (Dkt. 26.)  On January 16, 2020, Petitioner constructively file the FAP.  (Dkt. 29.)  On April 26, 2020, Petitioner filed a Supplemental Brief to the FAP ("Supp.").  (Dkt. 36.)

## PETITIONER'S CLAIMS

1. The California Supreme Court violated Petitioner's Fifth and Fourteenth Amendment due process rights by not ordering the Superior Court to consider resentencing him pursuant to California Senate Bill 620 ("SB 620").  (Pet. at 5; FAP at 5-6.)[2]

2. The Superior Court violated Petitioner's Fifth and Fourteenth Amendment rights by failing to ensure that the California Department of Corrections and Rehabilitation ("CDCR") is properly interpreting the judgment, which has resulted in Petitioner being disqualified him from parole consideration under California's Proposition 57 and has limited him to earning fifteen percent worktime credits.  (Pet. at 5-6; FAP at 5-6.)

3. Petitioner's rights under the Eighth Amendment and the Equal Protection Clause were violated when the Superior Court used the same prior conviction to impose a prior serious felony enhancement and a prior prison term enhancement in violation of Cal. Penal Code § 654.  (Pet. at 6; FAP at 6-7.)

---

[2]  The Court refers to the pages of the Petition and First Amended Petition as numbered by the CM/ECF system.

1    4.    The CDCR violated Petitioner's Fifth, Eighth, and Fourteenth Amendment

2 rights by limiting his credit-earning rate to fifteen percent based on the stayed firearm

3 enhancement.  (FAP at 7-9; Supp. at 2-3.)[3]

4                                 **DISCUSSION**

5 **I.    RESPONDENT'S MOTION TO DISMISS GROUNDS ONE AND THREE AS**

6        **UNTIMELY SHOULD BE DENIED**

7        **A.    The Relation Back Doctrine Is Not Applicable**

8        Grounds One and Three were included in both the Petition and the FAP.  (Compare

9 Petition at 5-6 with FAP at 5-6.)  Respondent argues that these claims are untimely

10 because the statute of limitations "expired prior to the filing of the [FAP] and the claims do

11 not relate back to the Original Petition."  (Motion to Dismiss at 4; see also id. at 11.)

12 Respondent's argument regarding the applicability of the relation-back doctrine is without

13 merit.

14        The Petition was stayed in its entirety pursuant to Rhines, 544 U.S. at 277-78.  (Dkt.

15 13 at 1.)  When Petitioner filed his FAP, there was no need to apply the relation-back

16 doctrine to Grounds One and Three because they were still pending in this Court under the

17 Rhines stay while Petitioner attempted to exhaust his state remedies.  See Pace v.

18 DiGuglielmo, 544 U.S. 408, 416 (2005) (holding that a state prisoner may file "a 'protective

19 petition' in federal court and ask[] the federal court to stay and abey the federal habeas

20 proceedings until state remedies are exhausted.") (citing Rhines, 544 U.S. at 277); see also

21 King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009) ("When implemented, the Rhines

22 exception eliminates entirely any limitations issue with regard to the originally unexhausted

23 claims, as the claims remain pending in the federal court throughout."); Galvan v. Allison,

24 2019 WL 4648499, at *7 (C.D. Cal. July 2, 2019) ("[T]here is no need to address whether

25

26 _____

27        [3]  Although Petitioner describes this claim as two separate claims under Grounds
Four and Five (FAP at 7-9), both claims are based on the same allegations.  Accordingly,
28 the Court considers them as a single claim.

1    [claims] relate back to the original Petition because they were timely filed and remained

2    pending in this Court under the Rhines stay while Petitioner exhausted them."); Martinez v.

3    Peery, 2017 WL 6371371, at *12 (C.D. Cal. Nov. 13, 2017) (no need to apply relation back

4    doctrine to claim raised in timely original petition and included in a FAP because claim

5    remained pending under Rhines stay); Red v. Runnels, 2009 WL 4251562, at *5 (N.D. Cal.

6    Nov. 23, 2009) ("The Court concludes that when a petitioner seeks a stay of proceedings

7    under Rhines to exhaust unexhausted claims already contained in a timely federal petition,

8    the relation back doctrine will not create a statute of limitations problem for the petitioner

9    since the exhausted claims will, by definition, be identical to the claims already raised in the

10   existing petition.").

11          The relevant question, therefore, is whether the initial Petition was timely.  If it was,

12   then Grounds One and Three should not be dismissed.

13          **B.    The Statute of Limitations**

14          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a

15   1-year period of limitation for a state prisoner to file a federal application for a writ of habeas

16   corpus." Wall v. Kholi, 131 S. Ct. 1278, 1283 (2011); Lawrence v. Florida, 549 U.S. 327,

17   329 (2007); 28 U.S.C. § 2244(d)(1).  After the one-year limitations period expires, the

18   prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently

19   foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

20          To determine whether the pending action is timely, it is necessary to determine when

21   AEDPA's limitations period began and ended.  Pursuant to 28 U.S.C. § 2244(d)(1)(A)-(D),

22   AEDPA's limitations period "begins to run from the latest of":

23          (A) the date on which the judgment became final by the conclusion of direct review or

24          the expiration of the time for seeking such review;

25          (B) the date on which the impediment to filing an application created by State action

26          in violation of the Constitution or laws of the United States is removed, if the

27          applicant was prevented from filing by such State action;

28

(C) the date on which the constitutional right asserted was initially recognized by the

Supreme Court, if the right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

A habeas corpus claim can "be timely, even if filed after the one-year time period has expired, when statutory or equitable tolling applies." Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). However, "a court must first determine whether a [claim] was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied. As a matter of logic, where a [claim] is timely filed within the one-year statute of limitation imposed by AEDPA, 28 U.S.C. § 2244(d)(1), then equitable [or statutory] tolling need not be applied. Similarly, equitable tolling need not be applied where a [claim] is timely due to statutory tolling under § 2244(d)(2)." Id.

Following this framework, the Court first analyzes whether Grounds One and Three are facially timely and, if necessary, proceeds to determine whether Petitioner is entitled to statutory or equitable tolling.

## C.   **Ground Three**

### 1.   **Ground Three Is Facially Untimely**

Under Section 2244(d)(1)(A) of the AEDPA, "a federal petition for writ of habeas corpus . . . must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); 28 U.S.C. § 2244(d)(1)(A). In most cases, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A). See Dodd v. United States, 545 U.S. 353, 357 (2005) (discussing a parallel limitations provision for 28 U.S.C. § 2255 and noting that the provision establishes the operative accrual date "[i]n most cases").

Petitioner's did not file a direct appeal, and his conviction became final on April 10, 2017, when his appeal deadline expired sixty days after sentencing. See Cal. R. Ct.

1   8.308(a); Caspari v. Bohlen, 510 U.S. 383, 390 (1994).  Thus, Petitioner had until April 10,

2   2018, to file the claim in Ground Three.

3           Petitioner constructively filed the initial Petition on July 19, 2018, which was 100 days

4   after the limitations was set to expire.  Absent sufficient tolling, Ground Three is untimely.

5                        **2.      Statutory Tolling**

6           Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly

7   filed application for State post-conviction or other collateral review."  "A state habeas

8   petition is 'pending' as long a the ordinary state collateral review process continues."

9   Trigueros v. Adams, 658 F.3d 983, 988 (9th Cir. 2011) (citing Carey v. Saffold, 536 U.S.

10  214, 219-20 (2002)).

11          The statute of limitations is not tolled between the time the petitioner's conviction

12  becomes final on direct review and the time the next state collateral challenge is filed

13  because there is no case "pending" during that time.  Nino v. Galaza, 183 F.3d 1003, 1006

14  (9th Cir. 1999).  In California, a state habeas petition remains pending between a lower

15  court's denial of the petition and the filing of a habeas petition raising the same general

16  claims in a higher state court, as long as the interval between the petitions is "reasonable."

17  Evans v. Chavis, 546 U.S. 189, 191-92, 201 (2006); Carey v. Saffold, 536 U.S. 214, 222-23

18  (2002); Gaston v. Palmer, 417 F.3d 1030, 1043 (9th Cir. 2005), amended, 447 F.3d 1165

19  (9th Cir. 2006); Biggs v. Duncan, 339 F.3d 1045, 1047-48 (9th Cir. 2003).  Periods of up to

20  120 days are presumptively reasonable under California law as to claims that were not

21  denied by the lower court as untimely.  White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010

22  (per curiam) ("When a California state court determines that a state prisoner's state habeas

23  petition is untimely under state law, there is no properly filed state petition, and the state

24  prisoner is not entitled to statutory tolling under the AEDPA." (internal quotations and

25  alterations omitted)); Robinson v. Lewis, 9 Cal.5th 883, 891 (2020) ("A new petition filed in a

26  higher court within 120 days of the lower court's denial will never be considered untimely

27  due to gap delay").

28

8

Here, Petitioner is not entitled to tolling for the 196 days between the time his conviction became final on April 10, 2017, and the time his first state petition was constructively filed on October 23, 2017, because there was no case "pending" during that time.  See Nino, 183 F.3d at 1006.

Respondent concedes, and the Court concurs, that Petitioner is entitled to tolling for the entirety of his first round of state habeas petitions from October 23, 2017, when he constructively filed his first habeas petition in the Los Angeles County Superior Court, until May 9, 2018, when his first habeas petition to the California Supreme Court was denied. (See LD 2-LD 7; see also Motion to Dismiss at 10.)  At this time, 196 days had elapsed, and 169 days remained of the limitations period.  When Petitioner constructively filed his Petition in this Court 71 days later, on July 19, 2018, it was timely.

**D.   Ground One Is Facially Timely**

Respondent concedes, and the Court concurs, that an alternate start date of the limitations period applies to Ground One.  (Motion to Dismiss at 5.)  Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations begins to run on the date the factual predicate of a claim "could have been discovered through the exercise of due diligence."

In Ground One, Petitioner alleges the California Supreme Court erred when it failed to remand his case to the Superior Court for resentencing on the firearm enhancement under SB 620, which vested trial courts with the discretion to strike firearm enhancements. SB 620 became effective on January 1, 2018.

Thus, the limitations period began to run as to Ground One on January 1, 2018, and was set to expire January 1, 2019.  The Petition, which was constructively filed July 19, 2018, and which included Ground One, was timely.

\* \* \*

Grounds One and Three, which were set forth in the original Petition and stayed pursuant to Rhines, were timely filed as explained above.  Respondent's Motion to Dismiss these claims as untimely should be denied.

**II.   PETITIONER FAILS TO STATE A COGNIZABLE FEDERAL CLAIM**

All of Petitioner's claims should be dismissed because they are not cognizable on federal habeas review.

### A.   Applicable Law

A petitioner may seek federal habeas relief from a state court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); accord Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam).  Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus [proceedings].").

### B.   Grounds One and Three

In Ground One, Petitioner challenges the California Supreme Court's failure to order the Superior Court to consider resentencing him pursuant to SB 620.  (FAP at 5-6.)  In Ground Three, he alleges that the trial court erred by using the same prior conviction to impose a prior serious felony enhancement and a prior prison term enhancement in violation of Cal. Penal Code § 654.  (FAP at 6-7.)

Grounds One and Three allege violations of state sentencing laws.  A challenge to the provisions of a state sentencing law does not generally state a federal habeas claim. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Rather, a federal habeas court is bound by the state court's determination concerning the provisions of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of

1   state law . . . binds a federal court sitting in habeas corpus.")).  On federal habeas review,

2   the question "is not whether the state sentencer committed state-law error," but whether the

3   sentence imposed on the Petitioner is "so arbitrary and capricious" as to constitute an

4   independent due process violation.  Richmond v. Lewis, 506 U.S. 40, 50 (1992).

5          There is no showing here that the state courts' decisions were so arbitrary and

6   capricious as to violate due process.  Moreover, Petitioner may not convert a state law

7   claim into a federal one simply by characterizing his claims as federal constitutional

8   violations.  See Langford, 110 F.3d at 1389 ("[The petitioner] may not . . . transform a

9   state-law issue into a federal one merely by asserting a violation of due process").

10  Plaintiff's claims in Grounds One and Three regarding violations of state sentencing laws

11  are not cognizable on federal habeas review and should be dismissed with prejudice.

12          **C.    Ground Two – Parole Consideration Under Proposition 57**

13          In Ground Two, Petitioner alleges that the CDCR wrongfully disqualified him from

14  nonviolent parole consideration under Proposition 57.  (FAP at 5-6.)  Proposition 57

15  amended the California Constitution to require a parole consideration process for inmates

16  convicted of nonviolent crimes.  Petitioner claims his exclusion from this process violates

17  his federal constitutional rights.  (Id.)

18          A state prisoner has two avenues for relief under federal law: a petition for writ of

19  habeas corpus and a complaint under 42 U.S.C. § 1983.  See Hill v. McDonough, 547 U.S.

20  573, 579 (2006).  The Supreme Court explained that "a § 1983 action is the exclusive

21  vehicle for claims brought by state prisoners that are not within the core of habeas corpus."

22  Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).  A claim lies at the core of

23  habeas corpus if success on that claim would "necessarily spell speedier release" from

24  prison.  Skinner v. Switzer, 562 U.S. 521, 525 n.13 (2011) (internal quotations omitted).

25          Petitioner challenges his exclusion from nonviolent parole consideration under

26  Proposition 57.  The enactments under Proposition 57 afford nonviolent prisoners a parole

27  review once they have served the full term of their primary offense.  Cal. Const. art. I, § 32

28  (a)(1).  An advancement of Petitioner's parole review date provides only "a ticket to get in

11

1  the door of the parole board" and "will in no way guarantee parole or necessarily shorten

2  [his] prison sentence[] by a single day." Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.

3  1997). Absent a showing that success on his claim would "alter the calculus for the review

4  of parole requests" so as to "compel the grant of parole," Petitioner's claim does not lie at

5  the core of habeas corpus. See Nettles, 830 F.3d at 934; see also Neal, 131 F.3d at 824.

6  Accordingly, Petitioner's claim regarding eligibility for parole review under Proposition 57 is

7  not cognizable on habeas review. Nettles, 830 F.3d at 934 (quoting Skinner, 562 U.S. at

8  535 n.13) (emphasis added).

9        Even if Petitioner would be entitled to an earlier release date if the good time credits

10 allowed by Proposition 57 were applied, his claim is still based on the application of state

11 law and, therefore, is not cognizable in this federal habeas corpus action. See Estelle, 502

12 U.S. at 67 "We have stated many times that 'federal habeas corpus relief does not lie for

13 errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Although

14 Petitioner attempts to couch Ground Two in terms of a due process violation, he cannot

15 transform it into a federal claim. See Langford, 110 F.3d at 1389 ("[A petitioner] may not . .

16 . transform a state-law issue into a federal one merely by asserting a violation of due

17 process."). The calculation of Petitioner's release date is purely a matter of state

18 sentencing law. Accordingly, Plaintiff's claim in Ground Two regarding parole eligibility

19 should be dismissed with prejudice.

20        D.    **Grounds Two and Four – Limitation on Worktime Credits**

21       In Grounds Two and Four, Petitioner alleges that the CDCR improperly limited him to

22 earning fifteen percent, rather than thirty-three percent, worktime credits. (FAP at 5-9;

23 Supp. at 2-3.) These claims are based solely on California law.

24       A due process claim is cognizable only if there is a liberty interest at stake. Olim v.

25 Wakinekona, 461 U.S. 238, 250 (1983). "[T]he Constitution itself does not guarantee good-

26 time credit for satisfactory behavior while in prison," and a liberty interest in receiving such

27 credits arises only if the State actually has provided for such credits through statute or

28 regulation. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Cal. Penal Code §§ 2933 and

1    2933.1(a) set out the credit rates that inmates may earn and limits the credit-earning rate to

2    fifteen percent for inmates like Petitioner who are convicted of a violent felony.  California

3    has made clear that earing credits "is a privilege not a right."  Cal. Penal Code § 2933(c);

4    <u>see also</u> <u>Kalka v. Vasquez</u>, 867 F.2d 546, 547 (9th Cir. 1989) (no protected liberty interest

5    in earning worktime credits); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1094-95 (9th Cir. 1986)

6    (same), abrogated in part on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

7    Petitioner has no constitutionally protected liberty interest in earning worktime credits, and

8    his allegations that he is being deprived of the opportunity to earn such credits at a higher

9    rate cannot form a basis for habeas corpus relief.

10        Thus, Petitioner's claims in Grounds Two and Four regarding the rate of earning

11   worktime credits are not cognizable on federal habeas review and should be dismissed with

12   prejudice.

13                                          * * *

14        All of Petitioner's claims are based on the application of state law and are not

15   cognizable on federal habeas review.  Accordingly, the Motion to Dismiss the FAP for

16   failure to state a claim should be granted and this action should be dismissed with

17   prejudice.[4]

18                    **CERTIFICATE OF APPEALABILITY**

19        Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must

20   issue or deny a certificate of appealability when it enters a final order adverse to the

21   applicant."  For the reasons stated above, the Court concludes that Petitioner has not made

22   a substantial showing of the denial of a constitutional right, as is required to support the

23   issuance of a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2).

24

25

26   _____

27        [4]  Respondent also argues that Petitioner's claims are still unexhausted.  Dismissal for
     failure to exhaust state remedies is usually without prejudice.  Because the Court has found that the
28   Petition should be dismissed with prejudice for failure to state a cognizable federal habeas claim,
     the Court will not address the exhaustion argument.

1

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED: (1) Respondent's Motion to Dismiss is GRANTED; (2) judgment shall be entered dismissing this action with prejudice; and (3) a certificate of appealability is DENIED.


DATED: <u>February 16, 2021</u>                           <u>    */s/ John E. McDermott*    </u>
                                                         JOHN E. MCDERMOTT
                                                         UNITED STATES MAGISTRATE JUDGE

14